Charles E. Friedman, Appellant, *v.* Vincent J. Fumo, Commissioner of Professional and Occupational Affairs and State Board of Examiners of Public Accounts Commonwealth of Pennsylvania, Appellees.

Argued June 6, 1973, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

610

*Bruce E. Cooper,* with him *Cooper, Friedman and Friedman,* for appellant.

*Edward I. Steckel,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, August 30, 1973:

On February 9, 1973, the Commissioner of Professional and Occupational Affairs of the Department of State of the Commonwealth of Pennsylvania refused Charles E. Friedman, a citizen of Pennsylvania, permission to inspect and copy the list of persons who had taken the Department's examination for qualification as a Certified Public Accountant. This refusal reversed a practice of previous Commissioners of at least seven years duration. The Commissioner's only expressed reason for denying access to the list contained in the letter of refusal was that "Research on the part of the Commonwealth clearly indicates that the requested list does not fall within the 'Right to Know Act'. . . ." Mr. Friedman has appealed the Commissioner's action to this Court.

Section 2 of the Right to Know Act, Act of June 21, 1957, P. L. 390, as amended, 65 P.S. §66.2, provides that "[e]very public record of an agency shall, at reasonable times, be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania." Section 1(a) defines a public record pertinently as "any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons: Provided, That the term 'public records' . . . shall not

include any record . . . which would operate to the prejudice or impairment of a person's reputation or personal security. . . ."

In *McMullan, Steele and Philadelphia Newspapers, Inc. v. Secretary of Welfare et al.*, 3 Pa. Commonwealth Ct. 574, 284 A. 2d 334 (1971), we held that the names, addresses of and amounts of public assistance paid welfare recipients are public records accessible to citizens under the Right to Know Act. Although our order in that case was reversed by the Supreme Court upon its construction of certain provisions of the welfare code as prohibiting disclosure,[1] the court unanimously concluded that the general definition of public record in the Act was "broad enough to encompass" the records there sought.[2] We perceive no distinction between the records of names of persons on welfare and lists of names of persons who have taken accountancy examinations.

Mr. Friedman wants the records in question so that clients engaged in conducting schools designed to prepare candidates for the examination might solicit patronage. The Commonwealth argues that the disclosure of the names of all of the persons taking the examination would enable Mr. Friedman and his clients to ascertain who failed, by comparing the desired list with published lists of successful candidates, and that they may then, for reasons not suggested, disclose the identity of unsuccessful candidates to others. This, it contends, would prejudice or impair the reputations of unsuccessful candidates within the exception to the Right to Know Act hereinbefore set out. The exception relied on, however, speaks of records which "would oper-

---

[1] The Commonwealth in this case points to no statute prohibiting access to the records here sought and our research has disclosed none.

[2] *McMullan, et al. v. Wohlgemuth, Secretary of Welfare, et al.*, 453 Pa. 147, 308 A. 2d 888 (1973).

ate to the prejudice or impairment of a person's reputation." A record that one took an examination would not alone operate in such a fashion. If the legislature meant to except records which might possibly be used to harm reputations, it would have employed the less restrictive phrase "could operate." There is no suggestion whatsoever in the record that Mr. Friedman or his clients either desire to use the lists or, during the years when the lists were available, have used them in any improper manner.

We point out that the appellant may examine and inspect and, of course, make notes from the records. The Department is not required to prepare and furnish lists or other excerpts of its records, nor is the appellant here making such a request.

### ORDER

AND Now, to wit, this 30th day of August, 1973, the adjudication of the Commissioner of Professional and Occupational Affairs made February 9, 1973 is set aside and that officer is directed to permit the appellant, Charles E. Friedman, to examine and inspect the lists of persons taking the Certified Accountancy Examinations.