West Shore School District *v.* Michael Homick and West Shore Education Association, Appellants.

Argued September 9, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Gerald E. Ruth,* for appellant.

*Harold E. Sheely,* for appellee.

*Lillian Gaskin,* Deputy Attorney General, with her *Vincent Yakowicz,* Solicitor General, and *Robert P. Kane,* Attorney General, for amicus curiae, Commonwealth.

OPINION BY JUDGE MENCER, March 9, 1976:

On April 4, 1974, the Board of School Directors of the West Shore School District (Board) refused Michael Homick (Homick), a teacher and President of the West Shore Education Association (Association), permission to inspect his personnel records.[1] Homick and the Association filed an appeal from the Board's refusal to the Court of Common Pleas of Cumberland County, which court, by order dated December 10, 1974, dismissed that appeal. This present appeal followed and we affirm.

We note initially a very important aspect of this case; namely, that Homick only contends that his right to inspect his personnel records arises under the provisions of

---

1. School districts customarily maintain personnel files containing ratings and anecdotal records relative to individual teachers employed in the school system.

the act commonly known as the "Right-to-Know Law."[2] Therefore, the narrow issue is whether or not Homick's personnel records constitute a public record under the Right-to-Know Law.[3] If they do, then the Board must permit Homick the opportunity to inspect and make copies of these records.[4] We are not called on to determine what, if any, private or common law right a public school teacher has to inspect his personnel file. *See Wiley v. Woods*, 393 Pa. 341, 141 A. 2d 844 (1958).

The Right-to-Know Law defines a public record, in Section 1 of the Act, 65 P.S. §66.1 (2), as follows:

"(2) 'Public Record.' Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property *and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons*: Provided, That the term 'public records' shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties, except those reports filed by agencies pertaining to safety and health in industrial

---

2. Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. § §66.1—66.4.

3. The letters from Homick to the Board requesting permission "to see" his personnel file and his appeal to the Common Pleas Court of Cumberland County were limited and based upon an asserted right to see his file under the provisions of the Right-to-Know Law. It is only now in his brief to this Court that he contends that he has a common law right to examine his file. We continue to adhere to the rule that an appellate court cannot consider matters not raised before the trial court and not a part of a record in the case. *See McCaffrey v. Pittsburgh Athletic Association*, 448 Pa. 151, 293 A.2d 51 (1972).

4. Act of June 21, 1957, P.L. 390, *as amended*, §3, 65 P.S. §66.3.

plants; it shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, or which would operate to the prejudice or impairment of a person's reputation or personal security, or which would result in the loss by the Commonwealth or any of its political subdivisions or commissions or State or municipal authorities of Federal funds, excepting therefrom however the record of any conviction for any criminal act." (Emphasis added.)

We have emphasized that portion of the above definition which has application to this appeal. It is not contended that Homick's personnel file is a public record because it is an account, voucher or contract dealing with the receipt or disbursement of funds by the Board. Most of the recently decided cases deal with this portion of the definition of public records. *See Moak v. Philadelphia Newspapers, Inc.,* 18 Pa. Commonwealth Ct. 599, 336 A. 2d 920 (1975) ; *Kanzelmeyer v. Eger,* 16 Pa. Commonwealth Ct. 495, 329 A. 2d 307 (1974). Although decided upon other grounds, it was the disbursement of public funds that triggered *McMullan v. Wohlgemuth,* 453 Pa. 147, 308 A. 2d 888 (1973). Likewise, it is not contended here that the personnel file in question is a public record because it pertains to the Board's acquisition, use or disposal of services or supplies.

Therefore, that portion of the definition of a public record which remains is that portion which we emphasized above and which reads: "any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons."

When we focus on these words, we must conclude that at the outset the material to be examined or inspected

must be either a minute, order or decision of the Board. We cannot conclue that the contents of a teacher's personnel file constitute a minute.[5] It would appear even more certain that such contents do not represent an order or decision of the Board.

However, even if we would assume that the contents of a teacher's personnel file represented a minute, order or decision by the Board, we are inescapably confronted with the verbal "fixing" which is the key word in this portion of the definition. How do the contents of Homick's personnel file fix his personal or property rights or his privileges, immunities, duties or obligations? It must be kept in mind that on this record and under the pleadings here Homick *does not* assert that any of his personal or property rights, privileges, immunities, duties or obligations have been affected by the contents of his personnel file. He only has concern that such contents may in the future have relevance in a yet-to-be-commenced proceeding or future decision of the Board that may affect his rights and duties. The words in the definition of a public record under consideration are used in the present tense and not in the speculativeness of the future.

A decision "fixing" rights or duties of a person is not the same thing as a gathering of information, notations, and evaluations that may or may not be utilized at some future time to reach a decision that would fix rights or duties.

We can only conclude that the contents of a teacher's personnel file *do not* (1) constitute a minute, order or decision of the Board or (2) fix any rights, privileges, immunities, duties or obligations of the teacher. Consequently, the contents of the teacher's personnel file are not a public record under the Right-to-Know Law.

---

5.  As used in the definition under consideration here, the word "minute" purports a brief written summary constituting the official record of the proceedings of a meeting.

Since this is the only basis on which Homick seeks inspection of the contents of his personnel file, we must agree with the trial court's dismissal of Homick and the Association's appeal from the Board's refusal of his inspection request.

Order affirmed.

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent. I believe that the majority opinion here unnecessarily departs from the inclusive concept of "public record" which we have applied in *Friedman v. Fumo,* 9 Pa. Commonwealth Ct. 609, 309 A.2d 75 (1973) and again more recently in *Young v. Armstrong School District,* 21 Pa. Commonwealth Ct. 203, 344 A.2d 738 (1975). Under these decisions I believe that a teacher's personnel records are "public records" subject to inspection and examination as provided by the "Right to Know Act," Act of June 21, 1957, P. L. 390, *as amended,* 65 P. S. §66.1 et seq. The Act carefully lists exceptions to its disclosure rule, and it would appear to me that, where, as here, the records do not clearly fall within one of these exceptions, the inclusive interpretation of "public record" that we have applied in our prior decisions best advances the spirit of the Act which I believe is designed to insure that the records of public agencies are always open to public scrutiny.

I would reverse the final order and judgment of the Court of Common Pleas of Cumberland County and would permit Michael Homick to examine and inspect his personnel records with the West Shore School District.

Judge ROGERS joins in this dissent.