**Paul B. OWENS, Petitioner,**

v.

**Martin F. HORN, Commissioner Pennsylvania Department of Corrections, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 6, 1996.

Decided Oct. 4, 1996.

Reargument Denied Nov. 26, 1996.

---

Paul B. Owens, pro se, Petitioner.

Jill C. Fluck, Assistant Counsel, for Respondent.

Before COLINS, President Judge, PELLEGRINI, J., and KELTON, Senior Judge.

PELLEGRINI, Judge.

Paul B. Owens (Owens) petitions for review of a decision of the Department of Corrections (Department) denying his request for a copy of the Department's Code of Ethics under the Right–to–Know Act (Act),

Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §§ 66.1–66.4.

Owens is presently an inmate at a State Correctional Institution within the Commonwealth. On September 15, 1995, he filed a formal inmate grievance at the institutional level requesting that the Department give him a copy of the Department's Code of Ethics and its organizational chart. He stated that he would pay any related expenses of providing him the information. That request was granted as to the organizational chart and denied as to the Code of Ethics, on the basis that the Code of Ethics is merely a management tool which establishes standards of behavior for employees, and it does not deal with the rights of any person or groups of persons. On Owens' appeal, the Superintendent also denied his grievance as to the Code of Ethics. Owens filed a final appeal with the Commissioner of the Department who appointed a Central Office Review Committee (CORE). On February 14, 1996, the Commissioner notified Owens that the CORE recommended the institutional action be upheld and the Commissioner agreed. Owens then filed this appeal.[1]

■ Owens contends that the Department erred in refusing his Right–to–Know Act request because its Code of Ethics is a public record as defined by the Act.[2] The Department argues that its Code of Ethics is not a public record because it does not affect Owens' personal or property rights, and because it is not a record that a citizen needs to review in order to scrutinize the acts of public officials.

The Right–to–Know Act provides the same right of access to an agency's public records to every citizen of Pennsylvania. Section 2 of that Act provides that "Every public record of any agency shall, at reasonable times, be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania." 65 P.S. § 66.2. The right to exam-

---

1. Owens initially filed a mandamus action in the Court of Common Pleas of Cambria County and a notice of appeal with this court. The mandamus action was transferred to this court, and it was directed that the case be reviewed as a petition for review.

2. Our scope of review of a decision under the Right–to–Know Act is limited to a determination of whether the grant or denial of an appellant's request for information was for just and proper cause. Section 4 of the Act, 65 P.S. § 66.4; *City of Chester v. Getek,* 132 Pa.Cmwlth. 394, 572 A.2d 1319 (1990).

ine a public record is not based on whether the person requesting the disclosure is affected by the records, as suggested by the Department. The Act states that any citizen may seek the examination of any "public record" as defined by the Act, regardless of his or her interest in the records. *Tribune–Review Publishing Company v. Allegheny County Housing Authority,* 662 A.2d 677, 682 (Pa.Cmwlth.1995); *Marvel v. Dalrymple,* 38 Pa.Cmwlth. 67, 393 A.2d 494, 497 (1978).

A document is a "public record" if it is:

Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use of disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons

. . .

Section 1(2) of the Act, 65 P.S. § 66.1(2).[3] "Section 1(2) has been broadly construed to require only some form of action by an agency that has an effect on someone." *Gutman v. Pennsylvania State Police,* 148 Pa. Cmwlth. 567, 612 A.2d 553 (1992), *petition for allowance of appeal denied,* 533 Pa. 638, 621 A.2d 583 (1993); *Pastore v. Commonwealth, Insurance Department,* 125 Pa.Cmwlth. 611, 558 A.2d 909 (1989).

In *Gutman,* a citizen requested any regulation, directive, general or special order of the State Police covering the use of deadly force, along with other types of information, contending that they constituted orders or decisions of the state police under Section 1(2) of the Act. This court stated:

Here, the regulations and policy statements sought by Gutman affect the State Police by establishing the duties and obligations of its personnel. In our view, therefore, *the regulations and policy statements which are promulgated by the State Police are decisions of that agency fixing the duties and obligations of that police force.* Thus, we conclude that all the documents requested by Gutman are public records within the definition in Section 1(2) of the Act.

*Id.* 612 A.2d at 555–56 (emphasis added). Just as in *Gutman,* then, the Code of Ethics is a public record within the meaning of Section 1(2) of the Act because it embodies decisions of the Department fixing the duties and obligations of its personnel.

The Department also argues, however, that even if the Code of Ethics is a public record, it is not required to bring a copy to Owens in prison or to make a copy for him. Section 2 of the Act requires only that public records be "open for examination and inspection" at reasonable times. Section 3 of the Act allows the citizen to make copies of the public records, but does not require the agency to make copies to provide to citizens requesting the information. 65 P.S. § 66.3.[4] The Department is not required to furnish anyone with access to a public record by transporting the record or a copy to the individual, but only to make the record available for examination and inspection. *Mergenthaler v. Commonwealth, State Employes' Retirement Board,* 33 Pa.Cmwlth. 237, 372 A.2d 944, 948 (1977); *Friedman v. Fumo,* 9 Pa.Cmwlth. 609, 309 A.2d 75, 76 (1973). To hold otherwise would require public bodies, no matter where the records are located or the extent of the documents requested, to make their records available everywhere in the Commonwealth. Just because Owens is an inmate and unable to travel to examine public records does not give him greater rights than that of other citizens. That the

---

**3.** A broad construction is given the initial determination of whether a document is a public record with that construction tempered by the enumerated exceptions of the Act. *Tribune–Review Publishing Co.* None of those exceptions, also found in Section 1(2) of the Act, were asserted by the Department, and we believe they are inapplicable to the Department's Code of Ethics.

**4.** Section 3 of the Act provides:

Any citizen of the Commonwealth of Pennsylvania shall have the right to take extracts or make copies of public records and to make photographs or photostats of the same while such records are in the possession, custody and control of the lawful custodian thereof or his authorized deputy. The lawful custodian of such records shall have the right to adopt and enforce reasonable rules governing the making of such extracts, copies, photographs or photostats.

public record requested in this case is relatively identifiable and diminutive does not expand his right to access the record so as to require the document to be brought to Owens' correctional facility. Although the Department is not prohibited from providing him a copy, as it did the organizational chart requested by Owens, it is not required to do so.

Accordingly, although the Department's Code of Ethics is a public record under the Right-to-Know Act, the denial of Owens' request for a copy of the Code was for just and proper cause because the Department is not required by the Act to furnish such copies.

## ORDER

AND NOW, this 4th day of October, 1996, the decision of the Department of Corrections, dated February 14, 1996, Grievance No. CRE–0260–95, is affirmed.