## James L. Marvel *v.* Thomas G. Dalrymple, Robert J. DiJoseph and James A. Drobile, Comprising the Civil Service Commission of Radnor Township (2 Cases).

68

Argued April 3, 1978, before President Judge BOWMAN and Judges MENCER and ROGERS, sitting as a panel of three.

*John M. Gallagher, Jr.,* with him *Richard, Brian, DiSanti & Hamilton,* for James L. Marvel.

*Eugene H. Evans,* with him *Goldberg and Evans,* for Radnor Township Civil Service Commission.

OPINION BY PRESIDENT JUDGE BOWMAN, October 11, 1978:

An order of the Court of Common Pleas of Delaware County directing the Civil Service Commission of Radnor Township (Commission) to make certain records available to appellant, James L. Marvel, is the basis of this appeal.

In March, 1974, Marvel, a Radnor Township police officer, undertook a promotional examination for the rank of sergeant. The examination was a four-part test consisting of (1) a written examination; (2) an oral examination before members of the Commission and a guest; (3) a review of service ratings by superior officers; and (4) a review of appellant's past experience, training and education. Subsequent to the examination, appellant was notified of his score but was not apprised of the passing grade, the number of persons passing the test, or his relative ranking. Because he suspected irregularities in the administration and grading of the examination, appellant petitioned the Commission for permission to review the grades of each examinee in each of the four components of the examination and all papers comprising each component.

Permission was denied ostensibly because that information was deemed to be confidential. Appellant then appealed to the lower court which found that several of the documents sought were indeed "public records" within the meaning of the so-called "Right-To-Know Act"[1] (Act), but that certain of those documents were excepted from the provisions mandating

---

[1] *See* Section 1 of the Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §66.1 et seq.

disclosure. The court denied appellant access to rating sheets completed by the Commission, evaluations by superiors prepared during the course of the promotional examination, and physical reports on the fitness of each applicant for promotion, reasoning that those documents were within the category of records which would be intrinsically harmful to the reputation or personal security of the participants in the examination, namely, other applicants, the superior officers and the Commission members. The court concluded by ordering that *only* the following documents be made available to appellant:

1. A copy of the examination booklet used in the examination.
2. Appellant's own written examination answer paper.
3. The written examination answer papers of all other examinees.
4. Appellant's composite score in the examination.
5. The composite scores of all other examinees.
6. Appellant's numerical scores for each part of the examination.
7. The numerical scores of all other examinees for each part of the examination.

Appellant now comes to us and argues that the lower court's order is underinclusive because its application of the disclosure exceptions afforded by the Act is in error. Reliance on the "reputation exception" is misplaced, argues appellant, because the documents sought to be disclosed are not intrinsically harmful to the reputation of anyone involved with the examination. Likewise, appellant asserts that no investigation was undertaken by the Commission in relation to the examination, and that, therefore, the "investigation exception" provided by the Act does not apply. Lastly, appellant claims a common law right

in addition to the alleged statutory right, to inspect the records sought herein.

The Commission answers by claiming that none of the records requested by appellant are "public records" as defined by the Act and argues in the alternative that if such records are indeed "public records," the exceptions provided by the Act do apply and preclude discovery of the items sought on appeal.

Section 1 of the Act, 65 P.S. §66.1 defines "public record" as including

> any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons: Provided, That the term 'public records' shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of any investigation undertaken by an agency in the performance of its official duties ... or which would operate to the prejudice or impairment of a person's reputation or personal security. ...

Any material so designated a public record is available to any citizen of the Commonwealth for examination and inspection. Section 2 of the Act, 65 P.S. §66.2.

> Undoubtedly, the legislature intended through the medium of [this] statute a clarification of the right of examination and inspection of public records by all citizens, regardless of their interest or the extent or nature thereof. Within the statutory language is embraced all citizens and not simply those citizens who by some courts might be denied the right of examination and inspection because of lack of interest or legitimate purpose.

*Wiley v. Woods,* 393 Pa. 341, 349-50, 141 A.2d 844, 849 (1958).

As the Commission has structured its argument, the materials sought by appellant cannot be a public record because he cannot assert a personal or property right or privilege in a promotion to the rank of sergeant.

Insofar as the major premise is concerned, this is a proper statement of the law. No right, as such, adheres to promotion. *McGrath v. Staisey,* 433 Pa. 8, 249 A.2d 280 (1968); *Bobick v. Fitzgerald,* 416 Pa. 588, 207 A.2d 878 (1965); *Eckert v. Buckley,* 23 Pa. Commonwealth Ct. 82, 350 A.2d 417 (1976).

Commission's syllogism has not, however, properly framed the inquiry in an action brought under the Right-To-Know Act. As *Wiley v. Woods, supra,* makes abundantly clear, any citizen may seek examination of any "public record." This right to examine is not dependent upon any other personal or property right, privilege or immunity he may otherwise enjoy but rather whether the documents sought in this case are within the intended framework of any "minute, order or decision . . . fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons." A broad construction adheres, therefore, to an initial determination that a document is a "public record," to be tempered as an opposing party brings into play the enumerated exceptions. *See McMullan v. Wohlgemuth,* 453 Pa. 147, 308 A.2d 888 (1973).

More pertinently, appellant has not postulated his request in terms of a right to promotion, but rather in terms of a right to be fairly and objectively examined solely in terms of his merit and fitness for the job, these being the criteria for promotion incorporated into Section 642 of the First Class Township

Code,[2] and regulations promulgated thereunder, apparently arguing that any decision by the appointing authority to promote some number of individuals certified by the Commission as eligible for appointment could come within the meaning of a decision "fixing personal or property rights, privileges, immunities, duties or obligations . . ." of unpromoted eligibles. *See Lamolinara v. Barger*, 30 Pa. Commonwealth Ct. 307, 311, 373 A.2d 788, 790 (1977) ("fixing" to be read as "affecting" rather than "creating" rights, privileges, etc.).

The lower court's analysis did not delve into the nature of the right fixed here by the promotion process, relying instead on comparison to documents previously defined by this Court as "public records,"[3] concluding that "examination of the statutory definition of 'public record' and appellate interpretations of that definition, together with the Civil Service Commission's statutory duty, convinces us that the records sought by appellant satisfy the definition. . . ." (Footnote omitted.)

Were we to define the requested documents solely by those terms provided in Section 1 of the Act we would have to investigate the particular right or interest propounded by appellant, *i.e.*, ensuring fair test-

---

[2] Act of June 24, 1931, P.L. 1206, *as amended*, added by Section 20 of the Act of May 27, 1949, P.L. 1955, *as amended*, 53 P.S. §55642.

[3] *See Young v. Armstrong School District*, 21 Pa. Commonwealth Ct. 203, 344 A.2d 738 (1975) (list of names and addresses of kindergarten children discoverable for purposes of ascertaining where children would attend school) ; *Kanzelmeyer v. Eger*, 16 Pa. Commonwealth Ct. 495, 329 A.2d 307 (1974) (payroll and attendance cards discoverable by citizen seeking to ensure school district had not paid employees for unauthorized absences) ; *Friedman v. Fumo*, 9 Pa. Commonwealth Ct. 609, 309 A.2d 75 (1973) (list of names of persons who had taken an examination for qualification as certified public accountants a "public record").

ing methods, an issue addressed by neither the parties nor the lower court.

We believe, however, that such investigation is unnecessary when a statutory duty befalls the Commission to keep its examination records open to public inspection. To the extent that the lower court touched on this in the quoted portion of its opinion, we agree.

Section 631 of the First Class Township Code, 53 P.S. §55631, requires the Commission to keep open to the public all records of its proceedings and official actions, including records of examination.[4] In conjunction therewith, Sections 305 and 516 of the Rules and Regulations of the Civil Service Commission of Radnor Township make available for public inspection all examination papers.[5]

In that these provisions provide public access to the minutes, records and examination papers of the

---

[4] This Section provides, specifically:

The commission shall keep minutes of its proceedings and records of examinations and other official actions. All recommendations of applicants for appointment received by the commission shall be kept and preserved for a period of five years and all such records and all written causes of removal filed with the commission shall be subject to reasonable regulation and open to public inspection.

[5] Section 305 provides:

The secretary of the commission shall record in the minutes the time and place of each meeting of the commission and the names of the members present; all proceedings and official acts of the commission, including records of examinations; the votes given by members except when the action is unanimous, and, when requested, a commission member's dissent with his reasons; and such other information as the commission may direct. The secretary shall cause the minutes to be written up forthwith and presented for approval or amendment at the next regular meeting. The minutes, or a true copy thereof, certified by the commission, or by a majority thereof, shall be open with other records of the commission as provided by law.

Commission, these documents must be deemed "public records" separate and apart from any inquiry into any rights, privileges, immunities, duties or obligations fixed by them. We so hold because we believe the legislature intended the generic definition of a public record contained within the Right-To-Know Act to incorporate by implication those specific definitions of "public record" contained in statutes allowing for public access to particular documents of particular agencies.

Our holding that the requested documents are public records within the context of the Right-To-Know Act compels consideration of any applicable exclusions.

Appellant has requested all examination papers of all applicants in each of the four areas of examination. The Commission contends that such disclosure would not only reveal the institution, progress or result of an investigation undertaken by the agency, but would also operate to the prejudice of the reputation or personal security of those involved in the examination procedures, i.e., the other applicants, Commission members, and reviewing superior officers.

In our view, the requested documents are not of the sort envisaged by the field investigation exception of the Act. As the ultimate determinators of the decision to promote or not to promote, they have been accumulated for that purpose, as opposed to being independent investigations, the discovery of which would compromise the performance of an official agency action unrelated to the particular interest which has rendered the requested minute, order or

---

Section 516 provides:

Examination papers shall be subject to the same legal restrictions as the minutes and other records of the commission, and shall be preserved accordingly.

decision a public record in the first place. *See Wiley v. Woods, supra* at 352, 141 A.2d at 850 (field investigation notes prepared in connection with report to individual member of City Council nondiscoverable; actual report and record of Planning Commission's denial of rezoning petition discoverable as being bases for ultimate action by City Council).

With regard to the requested rating sheets completed by members of the Commission and the guest examiner in connection with the oral examination, evaluations by superiors specifically for the promotional examinations and physician's reports on the fitness of each applicant for promotion, we believe these to have been properly excluded from discovery as within a category of records the discovery of which would operate to prejudice or impair the reputation of the other applicants.

The same consideration compels exclusion of the superior officer's promotional evaluation, as we believe the confidentiality of such is required to maintain and promote relations between superiors and applicants. This pertains as well to the evaluation sheets prepared by the Commission in the oral interview. An individual rater's interest in maintaining a reputation for fairness and objectivity is best promoted by ensuring the confidentiality of the rating sheets.

As we believe the lower court properly struck the balance between the appellant's interest in a fair and impartial examination, and the need for confidentiality within certain elements of the evaluation process, the order is affirmed.

ORDER

Now, October 11, 1978, the order of the Court of Common Pleas of Delaware County is affirmed.