## MacKnight v. Beaver Area School District

*Robert E. Kunselman,* for plaintiff.
*John J. Petrush,* for defendant.

MANNIX, *J.,* May 12, 1982—This matter comes before the court on appeal from a denial of the right to examine and inspect public records under the provisions of the Pennsylvania Right to Know Act, 65 Pa. Stat. Ann. §§66.1-66.4 (Purdon). From July 1981 to February 1982, plaintiff made several requests of defendant School District to allow him to examine and inspect lists of names and addresses of Beaver High School's 1983 graduating class and each subsequent graduating class. Defendant denied each of those requests, refusing to allow plaintiff to inspect the records.

Plaintiff operates a photography studio in Beaver and seeks the names and addresses of next year's

high school seniors in order to solicit their photography business. Defendant's refusal to allow plaintiff access to this information stems in part from a relationship defendant maintains with an old and established photography studio in the area, namely, Graule Studio. Graule Studio takes the school yearbook group pictures at no charge to the School District or its yearbook staff. In return, the School District grants to Graule the privilege of being the sole recipient of the list of names and addresses of each graduating class. This practice is widespread among the local school districts in Beaver County because of the savings the schools realize on the cost of printing yearbooks.

Section 2 of the Right to Know Act, 65 Pa. Stat. Ann. §66.2, gives any citizen of the Commonwealth the right to inspect and examine public records at reasonable times. Plaintiff established that he is a citizen of the Commonwealth of Pennsylvania and claims that the Beaver Area School District, an "agency" within the meaning of Section 1 of the Right to Know Act, must provide him with the requested list of names and addresses. Section 4 of the Act, 65 Pa. Stat. Ann. §66.4 (Purdon), provides that any citizen of the Commonwealth denied any right granted to him by §2 or §3 of the Act may appeal from that denial. The court may enter an order for disclosure that it deems proper if it determines that the denial was not for just and proper cause.

Section 1 of the Act, 65 Pa. Stat. Ann. §66.1(2) (Purdon), defines "public record" as follows:

"*Any* account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property *and any* minute, order or decision by an agency fixing the personal or property rights, privileges, im-

munities, duties or obligations of any person or group of persons: Provided, That the term "public records" *shall not mean* any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties, except those reports filed by agencies pertaining to safety and health in industrial plants; it shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, or which would operate to the prejudice or impairment of a person's reputation or personal security, or which would result in the loss by the Commonwealth or any of its political subdivisions or commissions or State or municipal authorities of Federal funds, excepting therefrom however the record of any conviction for any criminal act." (Emphasis added).

The court's inquiry into whether the denial of access to the list of names and addresses was not for just and proper cause must focus on whether the requested information fits within the framework of "public records" as defined in §66.1(2) of the statute. The court must give a broad interpretation to the term "public record" in an initial determination of whether the requested document is subject to disclosure under the Act. This broad interpretation is tempered only by an opposing party establishing the applicability of one or more of the enumerated exceptions in §66.1(2) of the Act. Marvel v. Dalrymple, 38 Pa. Commw. 67, 72, 393 A.2d 494 (1978).

Defendant claims that the list requested here does not qualify as a "public record" because it is not a minute, order or decision fixing personal property rights, privileges, immunities, duties or

obligations of any person or group. To support this argument, Defendant cites Young v. Armstrong School District, 21 Pa. Commw. 203, 344 A.2d 738 (1975). In Young, Commonwealth Court ordered the school district to give parents of kindergarten students access to a list of kindergarten pupils because the list was the sort of record which aided the school district in performing its duties or obligations to the named pupils in the course of carrying out the essential function of operating a school system and conducting an educational program. Defendant tries to distinguish Young from the present case by arguing that Young does not stand for the proposition that a student list is obtainable for a commercial purpose by a third party.

Defendant's argument is not persuasive in light of the board interpretation the appellate courts have placed on the term "public record" in Marvel, supra, and Freidman v. Fumo, 9 Pa. Commw. 609 (1973). Furthermore, as the Pennsylvania Supreme Court stated in Wiley v. Woods, 393 Pa. 341, 350, 141 A.2d 844, 849 (1958):

"Undoubtedly, the legislature intended through the medium of (this) statute a clarification of the right of examination and inspection of public records by all citizens, regardless of their interest or the extent or nature thereof. Within the statutory language is embraced all citizens and not simple those citizens who by some courts might be denied the right of examination and inspection because of lack of interest or legitimate purpose."

Defendant next argues that the legislature, when it adopted the Right to Know Act, did not intend to make available directory-type information upon the request of any third party. To support this argument, Defendant refers to Pa. H.R. 1599, 1981 Sess., as amended on third consideration (1982), a

bill currently under consideration in the Pennsylvania General Assembly. That bill, if enacted into law, would require release of lists of high school senior students to military recruiters and would allow a school's board of directors to release the lists to such persons as it deems to be appropriate. Defendant maintains that this proposed legislation is evidence that the legislature did not intend the Right to Know Act to cover the situation where any third party makes a request for a list of names and addresses of next year's senior class.

The clear mandate of the legislature as expressed in the Right to Know Act was to make available to all citizens the right to examine and inspect public records regardless of their interest or the nature thereof. Wiley, supra. Because not all military recruiters are citizens of this Commonwealth, House Bill 1599 would expand access to public records beyond that presently existing under the Act. Moreover, the court is not bound in any way by proposed legislation. This court must follow the will of the Legislature in its currently enacted and subsisting legislation. Likewise, this court must follow the decisions of the appellate courts in Marvel, supra, Friedman, supra, and Wiley, supa, in allowing access to a wide range of public records by the citizens of this Commonwealth, regardless of the purpose for requesting access thereto.

Defendant raised a claim at oral argument concerning the significance of a Federal statute, General Education Provisions Act, 20 U.S.C. § 1221 et seq. Defendant did not raise this argument at the pleading stage in the form of an answer and new matter or by way of preliminary objection and cannot initially raise that point at oral argument after all testimony has been concluded. Nevertheless, because of the public interest in the outcome of this litigation,

the court will consider defendant's Federal law claim.

Defendant contends that §1232g of the Federal Act regulates the release and dissemination of educational records information. Defendant argues that because of the supremacy clause of the United States Constitution, the Federal statute supersedes and preempts the Pennsylvania Right to Know Act.

20 U.S.C. §1232g(a)(5)(A) defines "directory information" for the purposes of that statute as: the student's name, address, telephone listing, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the student.

20 U.S.C. §1232g(b)(1) specifically does not require an educational institution or agency to obtain written parental consent prior to release of directory information. 20 U.S.C. §1232g(a)(5)(B) modifies this "no prior parental consent" policy for release of directory information by requiring that the educational institution or agency give public notice of the categories of directory information it has designated for release. The institution or agency must then allow parents reasonable time to request that no such information be released without their prior consent. Unless the parents make such a request, the educational agency or institution may release the directory information without the parents' prior consent.

Other than the General Education Provisions Act's requirement of notice and reasonable opportunity for parents to request that no information be released, nothing in the Federal Act conflicts with the Pennsylvania Right to Know Act permitting access to a list of names and addresses as a public record.

As for the Federal provisions for notice and opportunity to request that no information be released, the record of this proceeding at petitioner's Exhibit 5 indicates that defendant school district requires the "informed, written consent of each student and/or his or her parents" before the school district will permit access to directory information. In complying with its own policy, the school district gives the parents notice of the type of information it intends to release, and an opportunity for the parents to respond. Therefore, defendant school district's policies more than comply with the provisions of the Federal Act. Because no other provisions of the Federal Act conflict with the provisions of the Pennsylvania Act, the court need not consider the question of preemption under the supremacy clause of the United States Constitution.

For the foregoing reasons, this court is satisfied that plaintiff has met his burden of establishing that the requested information is a "public record" under the Pennsylvania Right to Know Act. Defendant has failed to meet its burden of showing that the requested names and addresses fall into one or more of the exceptions enumerated in 65 Pa. Stat. Ann. §66.1(2).

Wherefore, the following is entered.

## ORDER

And now, this May 12, 1982, following hearing in open court and after careful review of the respective memorandums of law submitted by counsel;

It is hereby ordered and decreed as follows:

1. Defendant, acting through the office of the High School Principal, shall provide plaintiff with at least three dates before the end of this school year when he can go to the high school to examine and

inspect, during regular school hours, a record containing a listing of the names and addresses of the 1983 graduating class. Plaintiff shall be given the opportunity to extract from said record or listing names and addresses only and the opportunity to make a copy thereof.

2. The names and addresses of subsequent graduating classes shall be provided in like manner, on written request, providing said request is made not less than two weeks in advance.