523 A.2d 1211

Alfred O. Breinig, Jr., Esquire, Petitioner *v.* David H. Meyers, Supervisor of the Escheats Section of the Department of Revenue of the Commonwealth of Pennsylvania, Respondent.

Argued February 24, 1987, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Lisa Erich,* with her, *D. Donald Jamieson, Mesirov, Gelman, Jaffe, Cramer & Jamieson,* for petitioner.

*Gwendolyn T. Mosley,* Deputy Attorney General, with her, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY SENIOR JUDGE KALISH, April 13, 1987:

Petitioner, Alfred O. Breinig, Jr., Esquire, petitions for review of a denial by the Department of Revenue (Department) of his request to inspect the Commonwealth of Pennsylvania's (Commonwealth) records of abandoned and unclaimed property maintained by the Department. We reverse.

By letter dated October 15, 1984, petitioner submitted a request to David H. Meyers, Supervisor of the Escheats Section of the Department, seeking to examine the records of escheated property of the Commonwealth. George R. Andersen, Assistant Chief Counsel for the Department, denied petitioner's request by let-

ter dated October 31, 1984. On April 11, 1985, petitioner requested a reassessment of the Department's determination. Andersen responded that the Department does not make available individual escheat records to third parties, absent a client relationship. Petitioner requested further clarification of the denial, and Andersen again denied the request to examine the records.

Petitioner argues that pursuant to section 6 of the Right to Know Act, Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §66.6, the Department's record of abandoned and unclaimed property should be open for inspection by the general public, because they are public records.

We agree with petitioner that the records in question are public records. Section 2 of the Right to Know Act, 65 P.S. §66.2, provides that "[e]very public record of an agency shall, at reasonable times, be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania." Public records are defined as:

> any account, voucher, or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property, and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons. . . .

Section 1(2) of the Right to Know Act, 65 P.S. §66.1(2). However, there are exceptions. Under the Right to Know Act, the term public records does not include any report or paper which will disclose the institution, progress, or result of any investigations undertaken by any agency in the performance of its official duties, or which will operate to the prejudice or impairment of a

person's reputation or personal security. *Id.* Furthermore, public records does not mean any paper or report to which access is prohibited, restricted or forbidden by statute. *Id.*

The Department contends that section 1301.18 of The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended,* added by section 5 of the Act of December 9, 1982, P.L. 1057, 72 P.S. §1301.18, shows that the intent of the legislature was to prohibit disclosure of such records unless the person seeking to inspect the records has a demonstrable interest in the particular property. We disagree.

Section 1301.19 of The Fiscal Code, 72 P.S. §1301.19, provides that any person claiming an interest in any property paid or delivered to the Commonwealth may file a claim to the property or to the proceeds from the sale of the property. Section 1301.18 of The Fiscal Code, 72 P.S. §1301.18, provides that the records with respect to any specific claim shall be available to the claimant. Section 1301.17(a) of The Fiscal Code, 72 P.S. §1301.17(a), gives the Secretary of Revenue the right to sell the property to the highest bidder at public sale. The purchaser of the property then receives title to the property, free from all claims of the owner or prior holder, and of all persons claiming the property. Section 1301.17(c) of The Fiscal Code, 72 P.S. §1301.17(c).

The escheat records are based on accounts relating to the receipt or disbursement of funds by the Secretary of Revenue. Also, these records relate to orders or decrees by the Department fixing the property rights of citizens of the Commonwealth. Section 1301.12 of The Fiscal Code, 72 P.S. §1301.12, requires advertisement in a newspaper of a listing of all the names and addresses and description of the escheated or abandoned property. Thus, these records are public records unless they come within any of the exceptions provided for in the Right to Know Act.

In *Marvel v. Dalrymple,* 38 Pa. Commonwealth Ct. 67, 393 A.2d 494 (1978), this court indicated that the prior limitation of the application of the Right to Know Act to citizens who had a personal property interest in the records was broadened to include any citizen. Thus, the rights of the general public to examine and inspect public records were enlarged. At the same time, rights previously vested in persons having a personal or property interest were not divested or restricted. "Within the statutory language is embraced all citizens and not simply those citizens who by some courts might be denied the right of inspection because of lack of interest or legitimate purpose." *Wiley v. Woods,* 393 Pa. 341, 350, 141 A.2d 844, 849 (1958).

*McMullan v. Wohlgemuth,* 453 Pa. 147, 308 A.2d 888 (1973), *appeal dismissed,* 415 U.S. 970 (1974), turned on the manner in which the issue and facts were presented and framed. In that case, a newspaper sought the right to inspect Department of Public Welfare lists containing the names and addresses of recipients of public assistance and the amounts received. Unlike this case, the Public Welfare Code specifically prohibits the disclosure of such names and amounts. In *McMullan,* the court further indicated that the matter may even come within that part of the Right to Know Act which prohibits publication where it may affect one's reputation. *Id.* at 160, n. 8, 308 A.2d at 895, n. 8.

In the instant case, there is no such prohibition. All that is required is that the one seeking inspection of particular records have an interest in the matter. Because of the broad scope of the Right to Know Act given to all citizens, there does not appear to be any reason to limit its scope. The requested documents are not of the sort envisioned by the field investigation exception of the Right to Know Act. There is nothing that would compromise the performance of the agency, or compromise one's reputation.

Accordingly, we reverse the decision of the Department.

ORDER

Now, April 13, 1987, the decision of the Department of Revenue in the above-captioned matter is reversed.