**Colleen WILLISON**

v.

**KENNEDY TOWNSHIP CIVIL SERVICE COMMISSION,**
**Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 7, 2002.

Decided June 28, 2002.

clared the Commission's Rule at Article X, Section 1003[1] pre-empted by a Pennsylvania statute; prohibited the Commission from entering into contracts with third parties to administer civil service tests; and awarded Willison attorney's fees and costs. We reverse.

On March 25, 2000, the Commission administered a written examination for the position of police lieutenant in the Township police force. The examination was developed by a third-party vendor, the International Personnel Management Association (IPMA), whose business is the development of civil service examinations for state and local governments across the country. Four applicants took the examination, but none scored a passing grade of seventy-five percent. Accordingly, all were disqualified from taking a re-test for a period of six months.[2] The Commission sent a written report to each applicant of the examination results.

On October 31, 2000, Willison made her first request for information under the law popularly known as the Right–to–Know Law.[3] This request was made in a letter faxed to the Township Manager, Paul Bingham (Bingham), listing the items sought, including, "[a][c]opy of the examination booklet for the most recent Police Lieutenant's test, the written examination of all the applicants, the composite scores of all the applicants and the numerical scores of the applicants," Reproduced Record (R.R.), 23a–24a (hereinafter "examination materials"). The letter closed with Willison's promise to present herself at the municipal building on November 20, 2000

Michael F. Marmo, Pittsburgh, for appellant.

Timothy E. Finnerty, Pittsburgh, for appellee.

Before LEADBETTER, Judge, LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEAVITT.

The Kennedy Township Civil Service Commission (Commission) appeals an October 25, 2001 order (Order) of the Allegheny County Court of Common Pleas (trial court) requiring the Commission to give Colleen Willison (Willison), a citizen in Kennedy Township (Township), certain documents relating to a certain police lieutenant's examination. The Order also de-

---

1. Kennedy Township, Allegheny County, Rules and Regulations of the Civil Service Commission (Sept. 13, 1994) (Article X, Section 1003).

2. The test was intended to prepare an active eligibility list for the position of police lieutenant.

3. Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §§ 66.1–66.4.

to review the examination materials.[4]

On November 28, 2000, Willison arrived at the Township municipal building only to be informed by the township secretary that her request for examination materials had to be directed to the Commission, not the Township. On November 30, 2000, Willison faxed another letter, this time addressed to the Commission, listing the same documents and again promising to present herself in person on December 14, 2000 to review the examination materials.

By letter dated December 8, 2000, the Township solicitor, Michael F. Marmo (Marmo), informed Willison that under the Commission's Rules and Regulations, she could not review the examination materials because she was not an applicant for the position of police lieutenant. Further, he advised that Article X, Section 1003[5] required Willison to make her request within seven days of the date of the examination, and Willison had failed to meet that deadline.

Willison persisted. On December 10, 2000, she faxed Marmo another letter stating that she would be at the Township municipal building on December 14, 2000 to review the examination materials. On the appointed day she did appear, but the examination materials were not produced. Bingham informed Willison that the Commission did not have the examination materials in its possession[6] because they had been destroyed pursuant to the Commission's contract with IPMA. The contract provided, in relevant part, that,

> Unless special arrangements have been made, all test materials MUST be re-

**4.** Due to a scheduling conflict, Willison did not make it to the municipal building on November 20, 2000; thus, on November 19, 2000, Willison faxed another letter to Bingham notifying him that she planned to review the examination materials on November 28, 2000 at the township municipal building.

**5.** It provides,

> **Section 1003.** *Inspection of Examination Materials.* All examination materials shall be confidential and *shall not be open to general inspection.* Any examined applicant may inspect his examination papers, provided that:
> (a) Applicant makes a written request to the Commission within seven (7) calendar days from the date of mailing of the written notice of their grade, and
> (b) Applicant receives the written consent of the Commission to inspect their examination papers, and
> (c) Applicant makes their inspection within five (5) calendar days from the date of the mailing of the consent of the Commission or a later date established by the Commission.
> The Commission shall not consent to the request of any examined applicant to inspect any written examination paper which may be used in any subsequent written examination that may be scheduled within

ninety (90) calendar days following the date of receipt of the written request. If the Commission consents to an inspection of any of the written examination papers by any examined applicant, it shall state in its letter of consent the specific examination papers that may be inspected. Before any member of the Commission, or any person designated by the Commission, permits any inspection of examination papers, they shall require the examined applicant to produce the letter indicating the consent of the Commission and they shall limit the inspection by the examined applicant to only those examination papers indicated in the letter of consent. No examined applicant shall be permitted to inspect any examination papers other than the applicant's own, nor shall the applicant be permitted to make any written notes while they are inspecting any examination paper.
> Kennedy Township, Allegheny County, Rules and Regulations of the Civil Service Commission, Article X, Section 1003 (Sept. 13, 1994).

**6.** The record reflects that the Chairman of the Board of Commissioners received a copy of the four scores that the applicants received. However, the names of the applicants were blackened out. The record does not provide a copy of the examination materials or a breakdown of the individual applicant's scores.

turned to IPMA within 60 days from the date shipped. Used test booklets must either be destroyed by the user agency or returned to IPMA for destruction. R.R. 71a. The contract further provided that,

    B. No official, staff member, consultant, or other agent of the named agency will loan, give, sell, or otherwise make available any IPMA testing material to any other agency or unauthorized person.

R.R. 75a.

Undaunted, Willison appealed to the trial court on February 8, 2001, where she achieved success; indeed, she won more relief than she thought she wanted. Relying on our decision in *Marvel v. Dalrymple*, 38 Pa.Cmwlth. 67, 393 A.2d 494 (1978),[7] the trial court ordered the Commission to produce the examination materials for Willison's review because they were "public records" within the meaning of the Right–to–Know Law. The trial court also declared Article X, Section 1003, which limited access to examination materials to those taking the exam, pre-empted by Section 631 of the First Class Township Code.[8] Not satisfied with mere declaratory relief, the trial court then enjoined the Commission from entering into contracts with third-party vendors that require the return of examination materials. Finally, the trial court awarded Willison attorney's fees and costs for the stated reason that the Commission's refusal to produce the documents (that it did not have) constituted obdurate and vexatious conduct as provided in 42 Pa.C.S. § 2503.[9]

The Commission appealed, and we reverse.

■ Our review under the Right–to–Know Law is limited to determining whether the agency's denial of the request for the desired information was for a just and reasonable cause. *Commonwealth v. Mines*, 680 A.2d 1227 (Pa.Cmwlth.1996) *appeal denied*, 547 Pa. 738, 690 A.2d 238 (1997). The Right–to–Know Law allows any citizen of the Commonwealth of Pennsylvania to examine, inspect, to take extracts, make copies, and take photographs or photostats of public records. 65 P.S. §§ 66.2, 66.3.[10] If a citizen is denied any right granted by the Right–to–Know Law,

7. In *Marvel*, 393 A.2d at 498, this Court held that the following are public records under the Right–to–Know Law: (1) a copy of the examination booklet used in the examination, (2) Appellant's written examination answer paper, (3) The written examination papers of all other examinees, (4) Appellant's composite score in the examination, (5) The composite scores of all other examinees, (6) Appellant's numerical scores for each part of the examination, (7) The numerical scores of all other examinees for each part of the examination.

8. Section 631 of the First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. § 55631, requires the Commission to keep records of examinations. It states:

    The commission shall keep minutes of its proceedings and records of examinations and other official actions. All recommendations of applicants for appointment received by the commission shall be kept and

preserved for a period of five years and all such records and all written causes of removal filed with the commission shall be subject to reasonable regulation and open to public inspection.

9. 42 Pa.C.S. § 2503 provides, *inter alia*,

    The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

    * * *

    (6) Any participant who is awarded counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of the matter.

10. Section 2, 65 P.S. § 66.2 provides that "[e]very public record of any agency shall, at reasonable times, be open for examination

he may appeal the denial; if the court determines that the denial was not proper then it may order disclosure of the public records.[11] An "order for disclosure" of the public record is the *exclusive* remedy to a person denied the right of examination and inspection of public records. *Wiley v. Woods*, 393 Pa. 341, 141 A.2d 844 (1958).

■ Willison sought relief only under the Right–to–Know Law, but the trial court ordered far more than what is authorized by that statute. The trial court had no authority to issue the functional equivalent of declaratory [12] and injunctive relief; it only had authority to order the Commission to produce the examination materials.[13] Here, however, the hearing record did not support even a production order. The Commission did not have possession of the examination materials requested by Williston and, therefore, it had nothing to produce. Accordingly, it was error for the trial court to order the Township to produce documents not in its possession.

For these reasons, we reverse.

---

and inspection by any citizen of the Commonwealth of Pennsylvania." "Agency" includes a local government agency such as the Commission. In addition, Section 3, 65 P.S. § 66.3 provides,

> Any citizen of the Commonwealth of Pennsylvania shall have the right to take extracts or make copies of public records and to make photographs or photostats of the same while such records are in the possession, custody and control of the lawful custodian thereof or his authorized deputy. The lawful custodian of such records shall have the right to adopt and enforce reasonable rules governing the making of such extracts, copies, photographs or photostats.

11. Section 4 of the Right–to–Know Law states,

> Any citizen of the Commonwealth of Pennsylvania denied any right granted to him by section 2 or section 3 of this act, may appeal from such denial. *If such court determines that such denial was not for just and proper cause under the terms of this act, it*

---

## ORDER

AND NOW this 28th day of June, 2002, the Order of October 25, 2001 of the Court of Common Pleas of Allegheny County is hereby reversed.

> *may enter such order for disclosure as it may deem proper.*
> 65 P.S. § 66.4 (emphasis added).

12. The trial court held that Article X, Section 1003 conflicted with Section 631 of the First Class Township Code because it requires the Commission to retain such records for a period of five years. The First Class Township Code, however, imposes no such requirement. It requires the Commission to keep all "recommendations of applicants for appointments received by the Commission" for a period of five years. Although Section 631 requires the Commission to keep "records of examinations" and other official actions, the First Class Township Code does not define what "records of examinations" mean. Because this issue is not before this Court, we will not address it.

13. Here, the record reflects that the examination materials no longer exist pursuant to the contract between the Commission and IPMA. This case differs from *Marvel* because in *Marvel* the examination materials still existed.