IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thom Greco,                             :
                    Petitioner          :
                                        :
            v.                          : No. 260 C.D. 2016
                                        : Submitted: June 9, 2017
Department of General Services,         :
                    Respondent          :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                      FILED: July 10, 2017


        Thom Greco (Greco) appeals a final determination by the Office of Open Records (OOR) finding his appeal moot because the Department of General Services (Department) provided him with the documents he requested in his Right-to-Know Law[1] request after he filed his appeal. For the following reasons, we reverse and remand.


**I.**

        The Department's Bureau of Real Estate solicited proposals (SFPs) to lease for office space. On June 2, 2015, Greco responded to an SFP and on August

---

[1] The Right-to-Know Law, Act of February 14, 2008, P.L. 6, No. 3, 65 P.S. § 67.101-104.

14, 2015, he received an email from Pete Kafkalas, the Real Estate Coordinator from the Department's Bureau of Real Estate, which said: "Please submit your Best & Final Offers [(BAFO)] for the above SFP to me by close of business Friday, 21 August [2015]." (Reproduced Record (R.R.) at 1a.) In September 2015, Greco received a letter from the Chief of the Division of Leasing at the Department, informing him that "the Commonwealth has completed its evaluation of all proposals received and has tentatively selected another proposal for this new lease, which is contingent upon all necessary approvals being obtained . . . ." (R.R. at 2a.) Greco then submitted a Right-to-Know Law request to the Department, requesting "[a]ll responding bids submitted for the SFP # 94715 - and the Best And Final Offers that were to be submitted by August 21, 2015 to Real Estate Coordinator – Pete Kafkalas." (R.R. at 3a.)

Because it had not yet awarded a lease, the Department denied the request pursuant to Section 708(b)(26) of the Right-to-Know Law[2] which exempts

---

[2] Section 708(b)(26) of the Right-to-Know Law provides that the following is exempt from public access by a requester under the Act:

> A proposal pertaining to agency procurement or disposal of supplies, services or construction prior to the award of the contract or prior to the opening and rejection of all bids; financial information of a bidder or offeror requested in an invitation for bid or request for proposals to demonstrate the bidder's or offeror's economic capability; or the identity of members, notes and other records of agency proposal evaluation committees established under 62 Pa.C.S. § 513 (relating to competitive sealed proposals).

65 P.S. § 67.708(b)(26).

2

bid or proposal documents from public access prior to award of the bid or proposal. In its denial letter, the Department also stated:

> Generally, the procedure to lease office space consists of a series of sequential actions which begins by identifying the need for additional office space or the evaluation of existing office space to determine what will meet an agency's needs. Reviews of and by various legal, comptroller and audit staff of several agencies including independent agencies such as those in the Pennsylvania Attorney General's Office and State Treasurer are embedded into the solicitation, award and contracting process to protect Commonwealth interests, to ensure the availability and proper use of funds, to guarantee fair and reasonable pricing, and to maintain integrity. . . . After all required reviews have been completed, the Bureau of Real Estate presents the proposed lease to the Board of Commissioners of Public Grounds and Buildings for approval. The lease is awarded upon final approval by the Secretary of General Services.

(R.R. at 6a.)

Greco then appealed to the OOR, contending that the contract had, in fact, been awarded once a proposal had been selected and not when the lease is approved by the Department. Greco also contended that the email requesting that the bidders submit their best and final offers was a new request for proposals, effectively rejecting the solicitation of bids, which would make the exemption contained in Section 708(b)(26) of the RTKL inapplicable. 65 P.S. § 67.708(b)(26).

3

Shortly after he appealed, Greco received a letter from the Department informing him that it was "re-evaluating [its] needs," and therefore the SFP was cancelled. (R.R. at 14a.) Greco received a subsequent letter from the Department granting his records request. After providing Greco with the responsive records, the Department submitted a position statement to the OOR contending that the appeal was moot.[3] Although admitting that he received the documents that he requested, Greco contended that the OOR should decide the matter anyway because it was capable of being repeated since his next bid proposal could also be rejected, necessitating a filing of a new RTKL request that would be denied for the same reasons here, and the matter involved a matter of great public importance. The OOR dismissed the appeal as moot finding that the exceptions to the mootness doctrine did not apply because there was no evidence that the events set forth in the appeal were likely to be repeated[4] and the matter was not one of public importance. This appeal followed.[5]

---

[3] A case is moot where there is no actual case or controversy in existence at all states of the controversy. *Pap's A.M. v. City of Erie*, 812 A.2d 591, 599 (Pa. 2002). Although we generally will not decide moot cases, exceptions are made when (1) the conduct complained of is capable of repetition yet evading review, or (2) the matter involves questions important to the public interest, or (3) the matter will cause one party to suffer some detriment without the Court's decision. *Clinkscale v. Department of Public Welfare*, 101 A.3d 137, 139 (Pa. Cmwlth. 2014).

[4] We note that the OOR in *Walsh v. School District of Philadelphia*, OOR Dkt. AP 201-1080, determined that a BAFO was, in essence, a supplement to the proposal and not a "rejection of all bids" under the RTKL.

[5] This Court independently reviews the OOR's orders and may substitute its own findings of fact for that of the agency. *Bowling v. Office of Open Records*, 990 A.2d 813 (Pa. Cmwlth. 2010) (holding that the Commonwealth Court has *de novo* review over appeals of final determinations of the OOR), *aff'd* 75 A.3d 453 (Pa. 2013).

**II.**

Greco appeals, again contending that his appeal falls within an exception to the mootness doctrine because the Department's denial based upon Section 708(b)(26) of the RTKL is subject to repetition that will escape review, and that it is a matter of public importance because the citizens of Pennsylvania are entitled to transparency in obtaining information pertaining to activities of their government.

To fall within the capable repetition yet evading review exception, two elements must be established: (1) that the duration of the challenged action is too short to be fully litigated prior to its cessation or expiration, and (2) that there is a reasonable expectation that the complaining party will be subjected to the same action again. *Philadelphia Public School Notebook v. School District of Philadelphia*, 49 A.3d 445, 449 (Pa. Cmwlth. 2012). Greco argues that the Department's request for a BAFO constituted a rejection of the initial proposals, causing the proposals to lose their exemption under Section 708(b)(26) of the RTKL. He further argues that because there was such a short time between the rejection of those original bids (August 14, 2015, the date of the request for BAFOs) and the date that the BAFOs were to be submitted (August 21, 2015), the matter also could not be fully litigated.

In determining whether a document should be released, considerations of the derivative effects of granting or denying a public record are irrelevant; the only issues to be considered are whether a record is public and whether it falls within one of the exemptions to access. The RTKL makes clear that "[a]

Commonwealth agency may not deny a [requestor] access to a public record due to the intended use of the public record by the [requestor] unless otherwise provided by law." Section 301(b) of the RTKL, 65 P.S. § 67.301(b). Correspondingly, the RTKL prohibits the agency from making it a requirement to disclose the purpose or motive in requesting access to records. Section 1308 of the RTKL, 65 P.S. § 67.1308. That means "[u]nder the [RTKL], the right to examine a public record is not based on whether the person requesting the disclosure is affected by the records or if his or her motives are not pure in seeking them, but whether *any* person's rights are fixed." *Weaver v. Department of Corrections*, 702 A.2d 370, 371 (Pa. Cmwlth. 1997) (citing *Marvel v. Dalrymple*, 393 A.2d 494, 497 (Pa. Cmwlth. 1978) and *Tribune-Review Publishing Co. v. Allegheny County Housing Authority*, 662 A.2d 677 (Pa. Cmwlth. 1995)) (emphasis in *Weaver*). Moreover:

> Under the RTKL, whether the document is accessible is based only on whether a document is a public record, and, if so, whether it falls within an exemption that allows that it not be disclosed. The status of the individual requesting the record and the reason for the request, good or bad, are irrelevant as to whether a document must be made accessible under Section 301(b) [of the RTKL, 65 P.S. § 67.301(b)]. . . .

*Hunsicker v. Pennsylvania State Police*, 93 A.3d 911, 913 (Pa. Cmwlth. 2014).

Because this Court only looks to whether a document constitutes a public record, any issue involving whether a document is a public record, even if an issue is capable of repetition, will never escape review. In this case, though, because all the bids or proposals for a contract will become public records once the

6

contract is awarded or all bids are rejected, the issue is not whether a document will be released. Instead, the issue here is *when* those documents will be released, which is determined under Section 708(b)(26) of the RTKL. 65 P.S. § 67.708(b)(26).

The Department contends the matter is incapable of repetition and that it is unlikely that Greco will suffer any detriment if the matters he raises are not resolved because it is unlikely that all bids will be rejected and he will have to file a new RTKL request. However, if his positions are correct that the selection of the proposal is tantamount to the award of a contract or the BAFO is tantamount to the rejection of a bid, the matter is capable of repetition every time the Department selects a proposal or seeks BAFO from the proposers. Also, if he is correct, he will suffer a detriment because he will not receive public records when he is entitled to receive them.

As to the issue of whether the matter will escape review, the Department contends that the matter will not escape review for the same reasons set forth in its letter of November 6, 2015, where it noted that there are a number of steps that need to be taken before a contract can be executed. Those steps involve submitting the proposal to a series of legal, comptroller and audit staffs before submitting a proposed lease to the Board of Commissions of Public Grounds and Buildings for approval and finally obtaining approval by the Secretary of General Services. The Department argues that given the strict time limits that it has to respond to a request and the OOR has to make a decision, issues involving when a

contract is awarded or rejected within the meaning of Section 708(b)(26) of the RTKL can be fully litigated prior to the award/execution of a contract.

While the issues in this case may possibly go through the administrative process prior to the award of a contract, there is no evidence that the proposal process is so lengthy that it will allow for this court to review the matter, which is significant because we conduct *de novo* review of the OOR's decision. Moreover, the issue involved here – *i.e.*, what constitutes an award of a contract or the rejection of all bids – is one that also involves agencies that can award contracts more expeditiously. In any event, just as we do not look to any derivative consequences incurred from a request, similarly, we cannot decide whether an issue will escape review when that issue is within the control of the Department to move the contract approval process forward to make an appeal moot.

Accordingly, because this matter is capable of repetition and can escape review, we reverse the OOR's decision and remand the matter to the OOR for a determination on the merits.[6]

_____
DAN PELLEGRINI, Senior Judge

Judge Cosgrove did not participate in the decision of this case.

---

[6] Because of the way we have resolved this matter, we need not address whether this matter falls within the public importance exception to the mootness doctrine.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thom Greco,                             :
                    Petitioner           :
                                         :
          v.                             : No. 260 C.D. 2016
                                         :
Department of General Services,          :
                    Respondent           :

# **O R D E R**

AND NOW, this 10th day of July, 2017, the order of the Office of Open Records dated January 14, 2016, in the above-captioned matter is reversed and this matter is remanded to the Office of Open Records in accordance with this opinion.

Jurisdiction relinquished.

_____
DAN PELLEGRINI, Senior Judge