## Stein v. Red Lion Citizens for Decency Inc.

*Lawrence S. Markovitz*, for plaintiff.
*Hugh D. Manifold*, for defendants.

RAUHAUSER, *J.*, October 9, 1989 — This matter is before the court on motion for a protective order filed by the Red Lion School District. Defendants have requested discovery for numerous records of the school district. The school district is seeking protection against providing records which allegedly are not "public records" and therefore need not be produced under the Right-to-Know Law.

The relevant pleaded facts are as follows: Defendants were involved in an action to attempt to have Red Lion remove plaintiff from her teaching and coaching positions in 1984. Their attempt failed. Plaintiff has now brought suit for false light against defendants. In preparing for their case, defendants served a subpoena and a notice of taking depositions on Dr. Dale H. Reinecker, superintendent of Red Lion. The subpoena requested that Dr. Reinecker bring with him "all records, files, papers, documents, memorandums, notes, complaints, payroll records and other writings on Marlene P. Stein."

On February 14, 1989, Red Lion filed a motion for a protective order in order to withhold the personnel file of plaintiff and to prevent defendants from questioning Dr. Reinecker with reference to that file.

A subpoena and notice of taking depositions were also served on the records custodian of Red Lion. Defendants requested, inter alia, "all minutes, notes, transcripts, recordings or other documents of the meetings of the Red Lion school board in 1984 during which the subject of Marlene Stein was discussed; all minutes, notes, transcripts, records, or other documents of the meetings of the personnel committee of the school board of the Red Lion Area School District held in 1984 for the purpose of discussing the subject of Marlene Stein."

On June 28, 1989, Red Lion filed a supplemental motion for a protective order.

Red Lion cites *West Shore School District v. Homick,* 23 Pa. Commw. 615, 353 A.2d 93 (1976) and 43 P.S. §§1321 and 1322 in support of its motion for protective order. Inspection of one's own personnel file is the subject of 43 P.S. §§1321 and 1322 and thus not applicable in the instant case.

*Homick* was limited to one question— whether or not a teacher's personnel file is a public record

under the Right-to-Know Law. The court ruled that the personnel file was not a public record.

Defendant would have the court believe that since Homick was not allowed to see his personnel file that the file then became a public record, and, therefore, could be examined by a third party.

In addition, 65 P.S. §66.1 statutorily supports the ruling in *Homick:*

"That the term 'public records' shall *not* mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties or any record, document, material, exhibit, pleading, report, memorandum, or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, or which would operate to the prejudice or impairment of a person's reputation or personal security. . ." (emphasis supplied)

Defendant cites Pa.R.C.P. 4003.1 as support for discovery of the personnel file of plaintiff. However, Pa.R.C.P. 4003.1 states " . . . a party may obtain discovery regarding any matter, *not privileged, . . .* " (emphasis supplied)

Defendant also cites *Firschein v. Lafayette College,* 7 D.&C. 3d 243 (1978) to support its position that the personnel files are not confidential. *Firschein* involves a part-time teacher who wished to examine his own personnel file. The court did not grant his request. In the instant case, a third party is seeking permission to examine a personnel file.

On the issue with reference to the personnel files of plaintiff, the court finds that Red Lion has a right to withhold plaintiff's personnel file from discovery by defendants.

Since the court affirms Red Lion on the first

issue, it is not necessary to address the second issue discussed in the brief of Red Lion — that of a privilege of confidentiality existing by contract.

Red Lion's supplemental motion for protective order was filed in order to prevent defendants from discovery of the minutes of meetings held by the personnel committee of the school board on April 24 and 30, 1984. Red Lion cites the Sunshine Law and the Open Meeting Law in support of the motion.

The Open Meeting Law, Act of June 21, 1957, P.L. 392, as amended, 65 P.S. §251 et seq., repealed, Act of July 2, 1986, P.L. 3388, 65 P.S. §271 et seq., delineates an exception to public meetings:

"[T]he term — 'public meeting' shall *not* mean any meeting, the publication of the facts concerning which would disclose the institute, progress or result of an investigation undertaken by a board in the performance of its official duties." (emphasis supplied)

Using this definition, the court finds that the two personnel committee meetings held on April 24 and April 30, 1984, were not public meetings since the meetings were convened to gather information regarding plaintiff's teaching and coaching in Red Lion.

The Right-to-Know Act, Act of June 21, 1957, P.L. 390, as amended, 65 P.S. §66.1 et seq., describes those reports and records of meetings which must be open to public inspection. The act specifically exempts:

"Any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by its official duties . . . it shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, or which

would operate to the prejudice or impairment of a person's reputation or personal security . . . "

Since the committee meetings were not public meetings as defined in the Open Meeting Law and since the minutes of those meetings are exempt under the Right-to-Know Act, the minutes of those meetings are not public records. Therefore, the minutes are not discoverable.

The Sunshine Act, Act of July 19, 1974, P.L. 486, 65 P.S. §261 et seq., repealed, Act of July 3, 1986, P.L. 388, 65 P.S. §271 et seq., provides that meetings of every agency at which formal action is scheduled or taken are public meetings and shall be open to the public at all times. A public meeting is one in which discussion is held and some official action is taken. No action was taken at either committee meeting. Both meetings were exploratory in nature — one was held with concerned parents; the other was held with plaintiff. The vote concerning plaintiff's employment was taken at a public school board meeting on July 21, 1984.

Red Lion cites *Mellin v. City of Allentown,* 60 Pa. Commw. 114, 430 A.2d 1048 (1981) to support the contention that the personnel committee meetings were rightfully closed meetings. In *Mellin* the Commonwealth Court held that a private disciplinary hearing held by the city council to hear charges of misconduct against a police office "clearly falls under the specific exclusion" spelled out in the Open Meeting Law quoted above.

In the instant case, the personnel committee meetings were held in order to gather information from all concerned parties to present to the board in order that a discussion and vote could be held at the formal open board meeting held on June 21, 1984. The minutes of that meeting have already been offered to defendants.

No briefs were filed by defendants in opposition to the supplemental motion for a protective order.

Defendant raises the issue of the right to privacy of plaintiff stating that plaintiff has relinquished her right to privacy by commencing suit against defendants. The protective order is being sought by Red Lion, not on behalf of plaintiff, but as a public school entity which has a fiduciary duty to protect not only plaintiff's records but those of past, present, and future employees. Otherwise, the Right-to-Know Act would create a mockery and no records would be unassailable.

In conclusion, in accordance with Pa.R.C.P. 4012(a), the court grants the motion for a protective order and the supplemental motion for a protective order to the Red Lion Area School District in connection with the instant case.

Accordingly, we enter the following

## ORDER

And now, October 9, 1989, the motion for a protective order and the supplemental motion for a protective order filed by the Red Lion Area School District in the above matter is hereby granted.