IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lindsay P. Shuler,           :
          Petitioner     :
                       :
        v.             :  No. 237 C.D. 2016
                       :  SUBMITTED:  September 2, 2016
Pennsylvania Department of    :
Corrections,             :
          Respondent    :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE JULIA K. HEARTHWAY, Judge
            HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY         FILED:  November 1, 2016

Lindsay P. Shuler (Requester), an inmate housed in SCI-Pittsburgh, petitions for review from the Office of Open Records' (OOR) final determination that upheld the Department of Corrections' (DOC) response as to records requested under the Right-to-Know Law (RTKL).[1]  Requester sought policies regarding access to medical records.  OOR concluded the attorney work-product privilege protected the record DOC identified.  Requester argues OOR erred by declining to review the record *in camera*.  He also asserts DOC did not establish the nonexistence of records responsive to his request.  Upon review, we affirm as to the privilege; however, we remand to OOR to address the existence of other responsive records.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

## I. Background

Requester submitted a two-part request seeking:

(1) [DOC] Policy/ Procedure, "An inmate must be representing themselves [sic] in an actual litigation to be permitted to obtain copies and/or review their [sic] 'Mental Health Records and/or Records (General)' pursuant to DC-108;" [and,]

(2) [DOC] Policy/ Procedure, "Before an inmate can receive copies of their [sic] 'Mental Health Records and/or Records (General);' they [sic] must provide: [(i)] name of the court; [(ii)] name of the case; and [(iii)] case number that they [sic] are representing themselves in."

Certified Record (C.R.) at Item No. 1 (Request). Requester appended to the Request a copy of the DOC form he used to authorize release of information, and DOC's response, including the quoted passages above. DOC submitted a timely response stating, "Items 1 and 2 of your Request *implicate* the DC-ADM 003 Release of Information Procedures Manual [(Manual)] and are denied for the following reasons," citing the security exceptions,[2] and the investigative exceptions in the RTKL.[3] *Id.* (Response) (emphasis added). Requester appealed to OOR, seeking *in camera* review, and challenging DOC's possession of responsive records. He also contested the applicability of the asserted exceptions.

On appeal, OOR allowed the parties to submit additional information. DOC submitted a position statement regarding "[the Request] which sought, *inter*

---

[2] DOC cited the personal security exception in Section 708(b)(1)(ii) of the RTKL, 65 P.S. § 67.708(b)(1)(ii), and the public safety exception in Section 708(b)(2) of the RTKL, 65 P.S. § 67.708(b)(2).

[3] DOC cited the criminal investigative exception in Section 708(b)(16) of the RTKL, 65 P.S. § 67.708(b)(16), and the noncriminal investigative exception in Section 708(b)(17) of the RTKL, 65 P.S. § 67.708(b)(17).

*alia*, the [Manual] for [DOC] Policy DC ADM 003 (Release of Information)." C.R., Item No. 3. Specifically, DOC explained "the Manual is a guidance document protected by the attorney work product doctrine," and submitted a declaration of Deputy Chief Counsel Elizabeth Pettis in support. *Id.* The position statement noted OOR repeatedly held the Manual exempt as attorney work product. It also explained the DOC Policy Statement for DC ADM 003 is publicly available, and available "to inmates at their respective institution's libraries." *Id.* In her declaration, Pettis attested to the characteristics of the Manual and its creation by counsel "to provide legal guidance on various release-of-information issues with which [DOC] is regularly presented." *Id.* She also attested the Manual consists of legal impressions and opinions. Neither the position statement nor the declaration addressed the exceptions DOC asserted in its Response.

In its final determination, based on DOC's submission, OOR concluded DOC submitted sufficient evidence to establish the Manual was exempt. OOR did not review the Manual *in camera*. Requester filed a petition for review.

## II. Discussion

Under the RTKL, records in possession of a Commonwealth agency like DOC are presumed public unless they are: (1) exempt under Section 708(b) of the RTKL; (2) protected by privilege; or (3) exempt "under any other Federal or state law or regulation or judicial order or decree." Section 305 of the RTKL, 65 P.S. § 67.305. "Privilege," as defined in the RTKL, includes the attorney work-product doctrine. Section 102 of the RTKL, 65 P.S. § 67.102. The burden of proving applicability of a privilege to responsive records rests on the agency. *Dep't of Educ. v. Bagwell*, 131 A.3d 638 (Pa. Cmwlth. 2016).

3

Requester challenges the sufficiency of DOC's response, in particular, the existence of responsive records. He acknowledges DOC submitted evidence that "the [responsive] records implicate the [Manual] (but did not attest that the records are in their [sic] possession or exist within their [sic] agency) ...." He also contends OOR erred in not "conduct[ing] '*in camera* review' of the requested records." Pet. for Review at 5. Requester emphasizes DOC failed to demonstrate whether "the specifics of the requested documents actually exist within [DOC]." Pet'r's Br. at 5. Requester also notes DOC did not raise the work-product privilege in its Response. Before addressing the sufficiency of DOC's Response, we consider whether OOR erred in declining to conduct *in camera* review of the Manual.

### *In Camera* Review

In *Office of Open Records v. Center Township*, 95 A.3d 354 (Pa. Cmwlth. 2014) (*en banc*), this Court upheld the Office of Open Records' [OOR] authority to conduct *in camera* review. However, we did not mandate OOR to conduct such review whenever requested to do so. While recognizing that *in camera* review offers OOR a vital tool for discerning the application of attorney privileges, our recent decisional law reflects OOR exercises discretion in developing the evidentiary record. *See Twp. of Worcester v. Office of Open Records*, 129 A.3d 44, 59 (Pa. Cmwlth. 2016) (declining to set parameters on when OOR may elect to review records *in camera*).

As the initial fact-finder, an appeals officer considers procedural matters, including development of the record. *Bagwell v. Dep't of Educ.*, 76 A.3d 81 (Pa. Cmwlth. 2013) (*en banc*). "In the ordinary course of RTKL proceedings,

4

[receipt of evidence] will occur at the appeals officer stage and a reviewing court will defer to the findings of the appeals officer." *Levy v. Senate of Pa.*, 94 A.3d 436, 442 (Pa. Cmwlth.), *appeal denied*, 106 A.3d 727 (Pa. 2014) (*Levy III*).

Here, OOR received a declaration to support the work-product privilege. Counsel attested the Manual was created by attorneys to provide legal advice to her client on various information-release issues under DC ADM 03. Counsel also attested that the Manual consisted of legal impressions and opinions.

At the core of the work-product doctrine is that "attorneys need a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Commonwealth v. Kennedy*, 876 A.2d 939, 945 (Pa. 2005) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947)). In the RTKL context, we hold the work-product doctrine protects the "mental impressions, theories, notes, strategies, research and the like created by an attorney in the course of his or her professional duties …" from disclosure. *Levy III*, 94 A.3d at 443. "[T]o the extent material constitutes an agency's work product, it is not subject to compulsory public disclosure pursuant to the RTKL." *In re Thirty–Third Statewide Investigating Grand Jury*, 86 A.3d 204, 225 (Pa. 2014) (citation omitted).

Declarations containing sufficient detail are adequate to establish privilege. *See Heavens v. Dep't of Envtl. Prot.*, 65 A.3d 1069 (Pa. Cmwlth. 2013). The declaration here shows the privilege applies to the Manual. Thus, *in camera* review of the Manual was not necessary to develop an adequate record for our review of the privilege. Accordingly, we decline Requester's invitation to remand to OOR for the purpose of reviewing the Manual *in camera*. However, this does not end our inquiry.

5

Although DOC established the Manual is privileged, and we affirm OOR's final determination in that regard, Requester also challenged the sufficiency of DOC's response and its evidence as to whether other responsive records exist. Neither OOR nor DOC addressed this aspect of Requester's appeal. We do so now.

**DOC's Response**

Requester disclaims the adequacy of DOC's Response when it did not attest as to the existence or nonexistence of other requested records. Because DOC did not identify responsive records other than the Manual in its Response pursuant to Section 903 of the RTKL, 65 P.S. § 67.903, and it appears other responsive records exist, including a policy referenced in its submission to OOR, we remand so OOR may confirm whether DOC identified all responsive records.

Here, in its Section 903 Response, DOC identified only one record as responsive to the Request – the Manual. Indeed, it did not state with any degree of specificity whether the Manual was the sole record that was responsive to the Request. Instead, DOC stated the Request "implicate[d]" the Manual, and did not identify any other records, such as other policies or procedures, that would have been responsive. As this Court explained in another matter involving DOC, use of the word "implicates" is unclear and fails to identify records responsive to the request at issue. *See Carey v. Dep't of Corr.* (Pa. Cmwlth., No. 1348 C.D. 2012, filed July 3, 2013) (unreported), 2013 Pa. Commw. Unpub. LEXIS 495 (*Carey II*); *see also Carey v. Dep't of Corr.*, 61 A.3d 367 (Pa. Cmwlth. 2013).

Under the RTKL, an agency is required to search its records in good faith, and determine whether responsive records are public or not. Sections 901, 903 of the RTKL, 65 P.S. §§ 67.901, 67.903. Further, an agency needs to describe

6

responsive records with sufficient specificity so that a requester, and any subsequent reviewers, may discern whether the asserted exemptions apply to protect responsive records.

In *Carey v. Dep't of Corr.*, this Court served as the fact-finder, and directed DOC to supplement the record regarding its assertion of the security exceptions. In so doing, DOC claimed a request "implicate[d] a transfer petition." *Carey II*, slip op. at 8. Then, DOC proceeded to explain how transfer petitions were protected from disclosure. However, the request pertained to release and recommitment records, and not a transfer petition. Because DOC did not submit sufficient information to clarify whether other records responsive to Carey's request existed, we noted DOC did not substantiate an exemption as to any other records responsive to Carey's request. Therefore, while we held the transfer petition was exempt, we directed DOC to disclose all other responsive records. *Id.*

We apply the same rationale, albeit in our appellate capacity, here. DOC stated the Request implicated the Manual. DOC did not identify any other responsive records in its Section 903 Response. Although Requester repeatedly raised a concern that DOC did not substantiate whether requested records existed, OOR did not address that part of Requester's appeal.

In its submission to OOR, due on the same date as any submission by Requester, DOC acknowledged the Request sought the Manual among other things, without further explication. For the first time, the declaration and the position statement identify another responsive record, namely the Policy Statement for DC ADM 003. As that record was not identified in the Section 903 Response, and was responsive, we discern merit in Requester's concern that DOC did not address the existence or nonexistence of all of the requested records.

7

Further, the declaration DOC submitted pertains solely to the Manual, as though the Request sought *only* the Manual and no other records. That is not an accurate characterization of the Request. In that manner, DOC did not respond to Requester's actual request, and so did not confirm the existence of any other responsive records. *See Carey II.*

We are mindful that one of the principles underlying the RTKL is to allow citizens to scrutinize government activity and increase transparency. *SWB Yankees LLC v. Wintermantel*, 45 A.3d 1029 (Pa. 2012). This would include DOC's compliance with its own policies and procedures. *See Owens v. Horn*, 684 A.2d 208 (Pa. Cmwlth. 1996) (holding DOC Code of Ethics regarding conduct of its personnel is public under former RTKL).[4] Thus, to the extent DOC has policies and procedures pertaining to the performance of its functions as a government agency, those policies and procedures are subject to mandatory disclosure unless exempt.

Accordingly, we remand to OOR to clarify the completeness of DOC's Response by additional evidence if necessary. OOR may opt, as this Court did in *Carey II*, to direct DOC to disclose any other responsive records, including the Policy Statement DOC identified subsequent to its Response, and/or to submit an affidavit of nonexistence as to any other policies or procedures that relate to the subjects specified in the Request.

---

[4] Act of June 21, 1957, P.L. 390, *as amended*, *formerly* 65 P.S. §§ 66.1–66.9 (repealed by Section 3102 of the RTKL, 65 P.S. § 67.3102).

8

### III. Conclusion

For the foregoing reasons, we affirm OOR's final determination as to the privileged nature of the Manual. However, on this record, there is some ambiguity as to the existence of other records responsive to the Request, which may be subject to disclosure. Thus, we remand to OOR to address that issue.

_____
JULIA K. HEARTHWAY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lindsay P. Shuler,          :
        Petitioner      :
                            :
       v.                : No. 237 C.D. 2016
                            :
Pennsylvania Department of   :
Corrections,              :
        Respondent    :

# O R D E R

AND NOW, this 1ˢᵗ day of November, 2016, the final determination of the Office of Open Records (OOR) is AFFIRMED IN PART, as to the Manual, and we REMAND to the fact-finder OOR to develop the record as to the existence of other responsive records, so as to clarify the completeness of the response submitted to Petitioner by Respondent.

Jurisdiction is relinquished.

_____
JULIA K. HEARTHWAY, Judge